**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco Jose TORRES–VASQUEZ, Defendant–Appellant.**

No. 03–40835.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Oct. 5, 2005.

James Lee Turner, John Richard Berry, Assistant U.S. Attorneys, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Reynaldo Santos Cantu, Jr., Roland E. Dahlin, II, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

This court affirmed the judgment of conviction and sentence of Francisco Jose Torres–Vasquez. *United States v. Torres–Vasquez,* No. 03–40835 (5th Cir. Feb. 18, 2004). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Salas v. United States,* —— U.S. ——, 125 S.Ct. 1111, 160 L.Ed.2d 991 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

Torres–Vasquez argues that he is entitled to resentencing because the district court sentenced him under a mandatory application of the United States Sentencing Guidelines prohibited by *Booker.* This court will not consider a *Booker*-related challenge raised for the first time in a petition for certiorari absent extraordinary

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circumstances. *United States v. Taylor,* 409 F.3d 675, 676 (5th Cir.2005).

Torres–Vasquez cannot make the necessary showing of plain error that is required by our precedent in *United States v. Mares,* 402 F.3d 511, 520 n. 9 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). Torres–Vasquez has also failed to meet the much more demanding standard for extraordinary circumstances warranting review of an issue raised for the first time in a petition for certiorari. *See Taylor,* 409 F.3d at 677. Moreover, this court has rejected his argument that a *Booker* error is a structural error or that such error is presumed to be prejudicial. *See Mares,* 402 F.3d at 520–22; *see also United States v. Malveaux,* 411 F.3d 558, 560 n. 9 (5th Cir.2005), *petition for cert. filed* (July 11, 2005) (No. 05–5297).

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Torres–Vasquez's conviction and sentence.

AFFIRMED.